IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LORRAINE A. THROWER*, et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:11-cv-1124-MEF |
| | ) | |
| JOEL ZIEGLER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Defendants' Motion to Dismiss (Doc. 16) and Brief in Support (Doc. 17). In the Motion, Defendants request this court "dismiss plaintiffs' complaint for lack of personal jurisdiction, insufficient service of process, and failure to state a claim pursuant to Rules 12(b)(2), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure." Mot. (Doc. 16) at 1. Plaintiffs have filed a Response in Opposition to the Motion, requesting the court deny Defendants' request to dismiss this case. Resp. (Doc. 22). For the reasons that follow, it is the RECOMMENDATION of the undersigned that Defendants' Motion to Dismiss be GRANTED and this case be DISMISSED.

## I.      BACKGROUND

### A.      *The Pleadings*

Plaintiffs, acting *pro se*, filed this action on December 29, 2011 alleging Defendants had deprived Plaintiffs "of rights and privileges secured by the 1st Amendment of the Constitution guaranteeing freedom of speech and right to assemble, as well as due process

rights contained in the 5th and 14th Amendments," . . . and " . . . the 8th Amendment of the Constitution."  Compl. (Doc. 1) at 8.  On January 5, 2012, this case was referred to the undersigned Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate."  Order (Doc. 5).  After receiving an extension of time, Defendants filed the pending Motion to Dismiss on March 15, 2012.  Plaintiffs filed their Response (Doc. 22) on April 24, 2012, after receiving two extensions of time.  On May 21, 2012, Plaintiffs also filed supplementary evidentiary submissions.  (Doc. 23).

### B.    The Facts

The facts surrounding this complaint are as follows:

Plaintiff, Lorraine A. Thrower, is a resident of Salem, Alabama.  She is the wife of inmate Allen Thrower, who is housed at the Federal Corrections Institution in Beckley, West Virginia ("Beckley").  Plaintiff Dana Starling, the adult daughter of Lorraine A. Thrower, is a resident of Cataula, Georgia.  Defendant Ziegler is the Warden of Beckley.  Defendant Hamrick is an Institutional Duty Officer ("IDO") at Beckley.

On June 17, 2011, Plaintiffs traveled to Beckley to visit inmate Thrower.  Plaintiffs spent approximately 11 hours driving from Alabama to West Virginia.  Plaintiffs began their visitation with inmate Thrower at approximately 8:00 a.m. on the morning of June 18, 2011.  At around "12:00, noon Saturday, [ ] [Defendant] Hamrick, IDO, came into the visiting room and announced that the visiting room was at capacity (sign on the door has 120 room capacity), [that] there were other visitors waiting to visit, and asked for volunteers to

2

terminate their visit so other visitors could come inside to visit." Compl. (Doc. 1) at 3. After finding no volunteers, Defendant Hamrick announced that three visitations would be terminated, one of those being the visit between Plaintiffs and inmate Thrower. Defendant Hamrick informed Plaintiffs that their visit had been chosen for termination because they were among the first visitors that day. Plaintiffs and inmate Thrower protested the termination, suggested that the visit be moved to a nearby patio, and argued that relevant prison visitation policies prevented Defendant Hamrick's actions. Nevertheless, Defendant Hamrick terminated the visitation.[1] Plaintiffs returned the following day for another visit with inmate Thrower. Plaintiffs claim that they observed more visitors that day than the previous day, and that the outside patio was opened for overflow despite Defendant Hamrick's statement during the previous visitation that the patio was never open. Plaintiffs assert that their First, Fifth, Eighth, and Fourteenth Amendment rights were violated by cutting short the visitation with inmate Thrower.

## II.    DISCUSSION

### *Qualified Immunity*

Defendants move for dismissal of this suit based upon qualified immunity. Plaintiffs file this case as a 42 U.S.C. § 1983 action "to redress the deprivation, under color of federal law, [of] rights secured by the Constitution of the United States to actions involving federal agents." Compl. (Doc. 1) at 1. However, government officials are entitled to qualified

---

[1] The early termination resulted in a loss of approximately three hours of visitation with inmate Thrower. Pls' Ex. 9, Decl. of Lorraine Thrower (Doc. 1) at 2.

3

immunity if they: (1) were acting within the scope of their discretionary authority; and (2) did not violate clearly established constitutional law.  *McCullough* v. *Antolini*, 559 F.3d 1201, 1205 (11th Cir. 2009)*; Courson v. McMillian*, 939 F.2d 1479, 1487 (11th Cir. 1991). It is the burden of the government official to prove that he acted within his discretionary authority, and this may be shown by introducing evidence of "objective circumstances which would compel the conclusion that his actions were undertaken pursuant to the performance of his duties and within the scope of his authority." *Courson v. McMillian*, 939 F.2d at 1487 (internal quotations omitted).  The basis of Plaintiffs' Complaint is Defendant Hamrick's act of terminating Plaintiffs' visit with inmate Thrower.  Terminating a prison visit is undoubtedly within the scope of an IDO's discretionary authority.  As to Defendant Ziegler, Plaintiffs' Complaint makes no allegations regarding his conduct.  Instead, he seems to be a party merely because of his position.  To the extent Plaintiffs present claims against Defendant Ziegler as Defendant Hamrick's supervisor, the court notes that neither *respondeat superior* nor vicarious liability attach under § 1983.  *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).  Based on the allegations against Defendants, it is clear that Defendants were acting within the scope of their discretionary authority.

Because Defendants have established that they acted within the scope of their authority, the burden of proof shifts, and Plaintiffs must now "establish a constitutional violation by the officers" that was "clearly established at the time of the incident." *McCullough*, 559 F.3d at 1205.  Plaintiffs allege violations of the following Constitutional

Amendments: the First; Fifth; Eighth; and Fourteenth. Compl. (Doc. 1) at 7-8.

First, Plaintiffs allege that Defendants violated their First Amendment right to associate. The First Amendment bestows upon individuals the right to freely associate with others; however, this right is not fully extended to the prison environment. *See Caraballo-Sandoval v. Honsted*, 35 F.3d 521 (11th Cir. 1994) (holding that inmates do no have an absolute right to visitation because these privileges are subject to the prison authorities' discretion). For example, prison officials may, at their discretion, suspend or revoke visitation privileges in furtherance of penological objectives. *Overton v. Bazzetta*, 539 U.S. 126, 131-32 (2003). Plaintiffs assert that their constitutional right to associate was violated when Defendant Hamrick cut short their visit with inmate Thrower. However, Defendant Hamrick's actions fell within his discretionary authority as IDO and his actions were the result of a legitimate penological concern—overcrowding. Further, Defendant Hamrick did not prevent Plaintiffs from associating with inmate Thrower, he merely shortened one of their visitation periods. Therefore, in light of the penological considerations, Plaintiffs are unable to establish a clear violation of their constitutional right to associate with inmate Thrower.[2]

Second, Plaintiffs assert due process claims under the Fifth and Fourteenth

---

[2]Further, courts reviewing a claim of a constitutional violation involving an inmate should avoid enmeshing themselves in the minutiae of prison operations and defer to the expertise of prison administrators unless an abuse of the discretion afforded such individuals has been demonstrated. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987) (holding that even where claims are made under the First Amendment, the United States Supreme Court will not substitute its judgment on difficult and sensitive matters of institutional administration for the determinations of those charged with the formidable task of running a prison). Defendant Hamrick's decision to cut short the visitation did not constitute an abuse of discretion.

Amendments.  However, "the Fourteenth Amendment applies only to states and state actors, not federal agencies or employees."  *Shell v. HUD,* 355 F. App'x 300, 307 (11th Cir. 2009). Defendants are federal employees, making Plaintiffs' Fourteenth Amendment claims void.

Plaintiffs' procedural due process claim under the Fifth Amendment also fails.[3]  In order to establish a procedural due process claim, Plaintiffs must show that Defendants significantly interfered with Plaintiffs' protectable liberty or property interest,[4] and the court must find that the procedures attendant upon that deprivation were constitutionally insufficient.  *Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989).  Plaintiffs do not claim that Defendants prevented them from visiting with inmate Thrower.  Rather, they assert that Defendant Hamrick cut the first day of visitation short by three hours.  It is axiomatic that members of the public do not have unrestricted rights to visit with inmates.    Further, when an interest may legitimately be granted or denied at the will of another, it is not considered a protected entitlement for purposes of due process.  *See Town of Castle Rock,*

_____

[3]Due process claims are categorized as procedural or substantive.  Substantive due process claims generally involve laws limiting the liberty of all persons to engage in certain activities.  This case involves the conduct of government employees which allegedly deprives the Plaintiffs, as individuals, of a liberty interest.  Thus, the claim is not a substantive due process claim, and is more accurately analyzed under procedural due process.

[4]There is no property interest in visiting with a prisoner.  To have a property interest in a benefit, a person clearly must have "more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead have a legitimate claim of entitlement to it."  *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 576 (1972) (noting that the plaintiff had an abstract concern in being rehired, but did not have a property interest sufficient to require the University authorities to give him a hearing when they declined to renew his contract).  Therefore, Plaintiffs must establish that they possessed a liberty interest in visitation with inmate Thrower.

*Colo. v. Gonzales*, 545 U.S. 748, 748 (2005) ("[A] benefit is not a protected entitlement if government officials may grant or deny it in their discretion.").[5]   Defendant Hamrick's decision to end Plaintiffs' visit on that first day at a time certain was not an  interference with a protectable liberty interest, much less a significant interference with a protectable liberty interest.  As such Plaintiffs are unable to establish a clear violation of the constitutional right to due process under the Fifth Amendment.

Finally, Plaintiffs assert that their Eighth Amendment right to be free from cruel and unusual punishment was violated.  However, only a prisoner may bring a claim for an Eighth Amendment violation, *see Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979), and in this case, Plaintiffs are not inmates.  Thus, Plaintiffs' Eighth Amendment claim is without merit.  Accordingly, Plaintiffs are unable to show that Defendants violated "clearly established constitutional law" in regards to the First, Fifth, Eighth, or Fourteenth Amendment.  As a result, Defendants are entitled to qualified immunity and Defendants' Motion to Dismiss is due to be granted.[6]

---

[5]To the extent that Plaintiffs argue that the language within the Beckley Institutional Supplement ("BIS") creates a protectable liberty interest in visiting with inmate Thrower, the language creates no such interest.  Instead, the BIS specifically authorizes Defendant Hamrick's conduct.  The BIS states in relevant part:

<u>Visiting Restrictions</u>: *Visiting privileges are normally curtailed or terminated* because of an emergency, improper conduct on the part of the inmate or visitor(s), or *when the Visiting Room becomes congested.*

Pls' Ex. 1, Institution Supplement, (Doc. 1) at 2 (emphasis added).  While the BIS also suggests certain factors for the IDO to consider when making his determination of which visitation to terminate, the language is not mandatory.

[6] Defendants also move for dismissal based upon lack of personal jurisdiction, improper service, and meritless requests for relief.  Because the court finds that this case is due to be

7

## III.    CONCLUSION

For the reasons stated above, the Magistrate Judge RECOMMENDS that Defendants'
Motion to Dismiss (Doc. 16) be GRANTED and this case be dismissed.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said
Recommendation by **August 9, 2012.**  Any objections filed must specifically identify the
findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or
general objections will not be considered by the District Court.  The parties are advised that
this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the
Magistrate Judge's report shall bar the party from a *de novo* determination by the District
Court of issues covered in the report and shall bar the party from attacking on appeal factual
findings in the report accepted or adopted by the District Court except upon grounds of plain
error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein
v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of
Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the
decisions of the former Fifth Circuit handed down prior to the close of business on
September 30, 1981.

---

dismissed based upon Defendant's qualified immunity, the court declines to address the
Defendants' additional grounds for dismissal.

8

Done this 26th day of July, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE